NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IRVIN SAMUEL RAMIREZ-GOMEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    21-70669

Agency No. A202-129-112

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2022[**]
Seattle, Washington

Before:  WARDLAW, GOULD, and BENNETT, Circuit Judges.

Irvin Samuel Ramirez-Gomez, a native and citizen of El Salvador, petitions

for review of the decision of the Board of Immigration Appeals (BIA) dismissing

his appeal of an Immigration Judge's (IJ) order denying his applications for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(CAT).  We have jurisdiction under 8 U.S.C. § 1252.  We deny the petition in part and dismiss the petition in part.

1.      Substantial evidence supports the agency's finding that Ramirez-Gomez does not qualify for asylum or withholding of removal because his proposed particular social group of "Salvadoran professional soccer players" is not immutable, and therefore is not a cognizable social group.  *See Nguyen v. Barr*, 983 F.3d 1099, 1103 (9th Cir. 2020) (explaining that immutable characteristic is "one that the members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences" (simplified)).  Ramirez-Gomez argues that being a professional soccer player is a fundamental aspect of his identity that he should not be required to change.  But "the internationally accepted concept of a refugee simply does not guarantee an individual a right to work in the job of his choice."  *Matter of Acosta*, 19 I & N Dec. 211, 234 (BIA 1985); *see also Donchev v. Mukasey*, 553 F.3d 1206, 1216 (9th Cir. 2009) (recognizing that "we must give deference . . . to BIA law defining 'particular social group'").  As the agency recognized, professional soccer players often must change careers because the ability to play competitive soccer changes over time.  And there is no evidence in the record suggesting that, since 2014, Ramirez-Gomez continued to play professional soccer in the United States or that he could continue playing professional soccer should he return to El Salvador.

Thus, the proposed social group is mutable, as Ramirez-Gomez may not even be a member any longer.

Ramirez-Gomez raises an additional proposed social group of "Salvadoran small business owners." But we find that this argument was not exhausted before the agency, as the IJ never considered this argument and Ramirez-Gomez's brief before the BIA never claimed that the IJ's failure to do so was error. Additionally, the government asserts that the argument was unexhausted, and Ramirez-Gomez filed no reply brief refuting that assertion. We thus lack jurisdiction to consider Ramirez-Gomez's argument based on "Salvadoran small business owners." *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

2. Substantial evidence supports the agency's finding that Ramirez-Gomez does not qualify for CAT relief. First, while the IJ erred in finding that the police officers were acting as private individuals rather than public officials, *see Barajas-Romero v. Lynch*, 846 F.3d 351, 361–63 (9th Cir. 2017), this was harmless error that does not warrant granting the petition for review, see *Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021) (citing 5 U.S.C. § 706). The agency reasonably noted that the persecution Ramirez-Gomez experienced does not rise to the level of torture. 8 C.F.R. § 1208.18(a)(2) (defining torture as an "extreme form of cruel and inhuman treatment"); *see Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) ("Torture is more severe than persecution." (simplified)). But "persecution in the

3

past does not necessarily mean he will be tortured in the future." *Singh v. Whitaker*, 914 F.3d 654, 663 (9th Cir. 2019). While Ramirez-Gomez was punched, kicked, and threatened by the four officers on three occasions, he did not require medical treatment or endure lasting injuries. Instead, his situation is akin to the petitioner in *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022), where we recognized that "three instances of robbery that resulted in a three-day detainment in police custody and temporary bruises, none of which necessitated medical treatment" did not constitute past torture. Additionally, over seven years have passed since these encounters, and Ramirez-Gomez has not presented any evidence of threats he has received since moving to the United States or any reason to believe his persecutors would still seek to carry out their threats against him. *See id.* (denying CAT relief where the petitioner "hasn't received a single threat while in the United States" and twenty years elapsed since the last incident). Therefore, the BIA's recognition that "there is little persuasive reason to believe that now, several years after he left El Salvador, anyone in that country remains specifically inclined to harm him" is reasonable.

**PETITION DENIED IN PART AND DISMISSED IN PART.**